IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GLORIA K. FINLEY, | ) |
| | ) Civil Action No. |
| Plaintiffs, | ) |
| v. | ) Jury Trial Demanded |
| | ) |
| PENTAGROUP FINANCIAL, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

GLORIA FINLEY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against PENTAGROUP FINANCIAL, LLC ("Defendant"):

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### III. PARTIES

4. Plaintiff is a natural person who resides in Nashville, Tennessee.

5. Defendant is a debt collection company with headquarters located at 5959 Corporate Drive, Suite 1400, Houston, Texas 77036.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

7. Defendant regularly does business in Tennessee, therefore personal jurisdiction exists.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. **FACTUAL ALLEGATIONS**

9. At all relevant times, Defendant sought to collect a consumer debt from Plaintiff and her husband, Jerry Finley.

10. The alleged debt arose out of transactions that were for personal, family or household purposes, as Plaintiff has no business debt.

11. Beginning in or around November 2012, Defendant's collectors, including but not limited to "Keirshaw Pennick" and a person known only as "Mr. Zarza," began placing calls to Plaintiff's home telephone and to Plaintiff's elderly father in-law Lonnie Finley.

12. Defendant harassing collection calls derived from numbers including, but not limited to (800) 979-4076. The undersigned has confirmed that this number belongs to Defendant.

13. On several occasions, Defendant's collectors called Plaintiff at least four (4) times in a 24 hour period.

14. On or around November 11, 2012, Plaintiff's husband, Jerry Finely, sent a cease and desist letter to Defendant via certified mail. See November 11, 2012 Letter, herein attached as Exhibit "A."

15. Defendant received Exhibit A on November 28, 2012. See Track & Confirm receipt, herein attached as Exhibit "B."

16. Despite receiving Exhibit "A," Defendant continued to call Plaintiff through the end of November 2012.

17. Additionally, Defendant placed repeated calls to Plaintiff's elderly father in-law, Lonnie Finley, and disclosed that Plaintiff and her husband owed a debt.

18. Lonnie Finely is over eighty (80) years if age and Plaintiff was extremely embarrassed that Defendant disclosed their private finances to their family members.

19. On or around November 13, 2012, Plaintiff called Defendant and demanded that it stop contacting Lonnie Finley as she does not live with him and wanted to keep her personal financial information private.

20. Plaintiff provided Defendant with her address and additional contact information so the collection calls would come to her instead of her father in-law.

21. Defendant's collector responded by telling Plaintiff it would keep calling him because it "intended to be paid."

22. Despite knowing Plaintiff's contact information, Defendant continued to place calls to Lonnie Finley.

23. Defendant's actions caused Plaintiff to suffer increased stress, anxiety, familial discord, and suffer loss of sleep.

24. Defendant took the actions described herein with the intent to harass, deceive and coerce payment from Plaintiff, without regard for their FDCPA rights.

# COUNT I
## DEFENDANT VIOLATED THE § 1692c(b) OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692c(b) of the FDCPA prohibits the disclosure that a consumer owes a debt to third parties without the consumer's prior consent.

26. Defendant violated § 1692c(b) of the FDCPA when it disclosed to Lonnie Finley, Plaintiff's father in-law, that Plaintiff and her husband owed a debt.

# COUNT II
## DEFENDANT VIOLATED THE § 1692c(c) OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692c(c) of the FDCPA mandates that if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

28. Defendant violated § 1692c(c) of the FDCPA when it received Plaintiff's November 11, 2012 Cease and Desist Letter on November 28, 2012 and continued to call Plaintiff. See Exhibits "A" and "B."

## COUNT III
### DEFENDANT VIOLATED THE §§ 1692d AND 1692d(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT

29.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

31.     Defendant violated §§ 1692d and 1692d(5) when it called Plaintiff continuously and repeatedly, when it called Plaintiff after receiving her cease and desist letter, when it told Plaintiff it would not stop calling because it expected to get paid, and when it engaged in other harassing or abusive conduct.

## COUNT IV
### DEFENDANT VIOLATED THE § 1692f OF THE FAIR DEBT COLLECTION PRACTICES ACT

32.     Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

33.     Defendant violated § 1692f of the FDCPA when it continued to place calls to Lonnie Finley despite Plaintiff reaching out and informing it that they do not live with him, when it placed repeated harassing telephone calls to Plaintiff, when it called Plaintiff after receipt of the cease and desist letter, and when engaged in other unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, GLORIA K. FINLEY, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief that this court deems reasonable and necessary.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GLORIA K. FINLEY, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 09/30/2013

KIMMEL & SILVERMAN, P.C.

By: _____
Amy L. Bennecoff, Esq.
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
215-540-8888
abennecoff@creditlaw.com
Attorney for Plaintiff